UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-CV-184-KSF

DANNY BRANDENBURG                                                       PLAINTIFF

vs.                                   **OPINION AND ORDER**

PRESBYTERIAN CHILD WELFARE
AGENCY OF BUCKHORN, KENTUCKY, INC.
D/B/A/ BUCKHORN CHILDREN & FAMILY
SERVICES, and UNKNOWN DEFENDANTS                         DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of Defendant, Presbyterian Child Welfare Agency of Buckhorn, Kentucky, Inc. d/b/a/ Buckhorn Children & Family Services ("Buckhorn"), for summary judgment in its favor. For the reasons discussed below, the motion will be granted.

**I. BACKGROUND**

Plaintiff, Danny Brandenburg ("Danny"), filed this action against Buckhorn and "Unknown Defendants" in Lee Circuit Court on April 6, 2010. The matter was promptly removed to this court based on federal question jurisdiction, as Danny alleged violations of 42 U.S.C. § 1983, in addition to sexual molestation, common law battery, failure to supervise and failure to report. [DE 2]. Factually, Danny claimed that he was subjected to a pattern of sexual, psychological and emotional abuse by Leeroy Brandenburg ("Leeroy") during the years 1992 through 1997. [Complaint ¶ 6].

Danny became a ward of the state at a young age.[1] He was placed with Buckhorn in 1989 and then placed with Leeroy and his family as a foster child in July 1992. The Brandenburgs were approved as a foster home by the Department of Social Services ("DSS"), Cabinet for Families and

---

[1] Most of the background facts for this matter are taken from Buckhorn's motion for summary judgment and attached exhibits. The facts were not disputed in Plaintiff's response.

Children ("Cabinet"). Danny's foster placement was monitored by monthly visits by the Buckhorn case manager and quarterly visits by a state case worker.

On September 18, 1995, when Danny was 17, an anonymous complaint was filed through the child abuse hotline that Danny was being sexually abused by Leeroy. [DE 28-4]. A DSS social worker met with Danny at his high school that day. Information from the Cabinet indicates that Danny denied all allegations. No finding of substantiation was issued. The next day, Buckhorn was advised of the Complaint. The Buckhorn case manager met with Danny's foster mother to inform her of the complaint.

Six months later, Danny requested that his surname be changed to "Brandenburg" when he turned eighteen. A state social worker assisted with that process. Danny also met with state social workers for an annual review on June 11, 1996, and he asked to recommit to child services for three years to complete his education. The monthly and quarterly reviews continued during his commitment to the Cabinet, but Danny never complained of abuse or mistreatment by Leeroy and never requested removal from the Brandenburg home. Instead, Danny remained in the home voluntarily until October 6, 2007, when he was twenty-nine years old.

Buckhorn moved for summary judgment on the ground that the claims are barred by the statute of limitations. [DE 28]. Danny responded to the motion by claiming that various documents have not been provided to him and that there was an issue of fact "regarding whether the Defendants have actively concealed and may still be attempting to actively conceal the Plaintiff's cause of action and evidence material to it." [DE 29]. He continued, "if the Defendants have concealed the Plaintiff's cause of action, the statute of limitations would be tolled by their actions."

In reply, Buckhorn stated that the records relied upon were from Plaintiff's case file, were identified in the Initial Disclosures, were produced in Plaintiff's state court action against Leeroy, and a copy was served on counsel for Plaintiff. [DE 31, p. 2]. Buckhorn reiterates that the statute of limitations for Danny's claims expired more than twelve years ago, and he has not presented any evidence to support his claim of tolling.

2

## II. ANALYSIS

### A. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson,* 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

### B. Statute of Limitations

Buckhorn argues, and Danny does not rebut, that all claims raised in this action, whether federal or state, are subject to the one-year statute of limitations under KRS 413.140(1)(a). There is no question but that the Kentucky statute of limitations for a § 1983 action is one year. *Bonner*

*v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009). "[T]he duration of the statute of limitations for § 1983 actions is governed by state law; however, federal standards govern when the statute begins to run." *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516 (6th Cir. 1997). [I]n applying a discovery accrual rule, we have been at pains to explain that discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000). Thus, Danny's causes of action accrued against Buckhorn when he knew he had been injured, i.e., at the time he was allegedly abused.

In the present case, Danny alleges that he was subjected to abuse by Leeroy from 1992 through 1997. Danny testified that he turned eighteen on September 13, 1996. [Danny Brandenburg Depo. pp. 46-47]. Accordingly, the one-year statute of limitations would begin to run no later than the end of 1997. However, Danny did not file his claim until April 6, 2010.

"When the statute of limitations is borrowed from state law, so too are the state's tolling provisions, except when they are 'inconsistent with the federal policy underlying the cause of action under consideration.'" *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010). When the statute of limitations is raised, "the burden falls on the complainant to prove such facts as would toll the statute." *Southeastern Kentucky Hospital, Inc. v. Gaylor*, 756 S.W.2d 467, 469 (Ky. 1988). The burden was on Danny to prove by factual evidence that he is entitled to tolling of the limitations period. This he failed to do. His response to the motion for summary judgment presents no factual information at all.

In *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389 (6th Cir. 1975) the court said:

> Three elements must be pleaded in order to establish fraudulent concealment: (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.

4

*Id.* at 394. Plaintiff certainly did not offer evidence of his due diligence from 1997 until 2010. Buckhorn is entitled to summary judgment based on that failure alone. Additionally, however, Plaintiff knew enough facts in 1997 to timely bring his § 1983 cause of action.

*Paige v. Police Department of the City of Schenectady*, 264 F.3d 197 (2d Cir. 2001), involved facts similar to the present case. Paige was sexually assaulted by a police officer in 1981 when she was twelve years old. She reported the assault to the police, described her assailant and identified the number of his car. She was told subsequently by the police department that there was not sufficient evidence to pursue her case. *Id.* at 198. Her representatives were told on two occasions that no investigatory file on the case existed. Fifteen years later, Paige was told by a newspaper reporter that there was an investigatory file, that Officer Guthinger was identified as the suspect, but that the police deliberately failed to pursue the case. Paige brought a § 1983 claim against Guthinger, the police department, and the city, along with related claims for the asserted cover-up. *Id.* at 199. The District Court held that the statutes of limitations for all claims accrued in 1986 when Paige turned eighteen and granted summary judgment for all defendants. The court held that equitable tolling did not apply because Paige did not exercise due diligence in pursuit of the police file and, alternatively, that "she had sufficient knowledge to commence her causes of action even without the investigatory file." *Id.*

On appeal, the Second Circuit said: "We agree with the district court that appellant had enough information in 1986, when she became an adult, to bring her § 1983 assault claim, and that therefore this claim is now time-barred." *Id.* It continued that "the alleged fraudulent concealment by the defendants in this case cannot serve to toll appellant's assault claims under the doctrine of equitable tolling because the concealment did not deprive appellant of the information that she needed to bring a § 1983 suit charging assault." *Id.* at 200. Finally, the court noted that "[a]lthough some of the facts putatively concealed by the defendants might have strengthened Paige's case by corroborating her story, we find that the absence of those facts did not sufficiently justify Paige in not pursuing her cause of action as to merit equitable tolling." *Id. See also Pearl v. City of Long*

5

*Beach*, 296 F.3d 76, 85 (2d Cir. 2002) (Claims against police officers for brutality are barred, despite false testimony, because "Pearl was obviously aware of his cause of action for police brutality at the time" it occurred.); *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (Wrongful death claim barred because the "Chappell children knew that their mother had been murdered, who the alleged perpetrators were, and that Rich had been convicted of manslaughter for this killing before the statute of limitations for a wrongful death suit expired.").

Assuming Plaintiff's allegations are true, he knew in 1997 that he had been sexually abused by his foster father. He knew that he was placed with the Brandenburgs by Buckhorn and that Buckhorn and the Cabinet were monitoring his situation. Like Paige, he had enough information in 1997 to bring his claims. Plaintiff provides no facts regarding what, if anything, may have been concealed by Buckhorn. Assuming, however, that some information was concealed, it did not deprive Plaintiff of the knowledge of his injury that he needed to bring his claims. Also like Paige, the absence of certain facts did not sufficiently justify Plaintiff in not pursuing his cause of action.

The statute of limitations bar would apply to all Defendants, even the unknown defendants for whom no summons has issued. Accordingly, the Court will grant summary judgment for all Defendants.

### III. CONCLUSION

**IT IS ORDERED** that Defendants' motion for summary judgment [DE 28] is **GRANTED**, and Judgment shall be entered contemporaneously with this Opinion.

This March 29, 2011.



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**